**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMAR FOSTER,** | : | Case No. 07-CV-1303 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| v. | : | |
| **DAVID BOBBY, Warden,** | : | **MEMORANDUM & ORDER** |
| **Defendant.** | : | |

Before the Court is Petitioner Jamar Foster's ("Foster") *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus* (Doc. 1, Petition). Foster's Petition asserts a single ground for relief relating to his sentencing arising from his 2004 convictions for aggravated robbery, aggravated burglary, and felonious assault. (*Id.*) The case was automatically referred to Magistrate Judge Kenneth S. McHargh for preparation of a Report and Recommendation ("R&R"). Respondent Warden David Bobby ("the State") filed a Return of Writ (Doc. 7), Foster filed a Traverse (Doc. 10), and, on June 25, 2008, Magistrate Judge McHargh issued his R&R recommending that this Court dismiss Foster's Petition as time-barred. (Doc. 12, R&R.) Foster, through counsel, timely filed objections to the R&R (Doc. 15, Objections), and the State did not respond to Foster's objections. Consequently, Foster's Petition is ripe for adjudication. For the reasons articulated below, the Court **ADOPTS** the R&R and, accordingly, **DISMISSES** Foster's Petition.

**I. BACKGROUND**

The R&R sets forth the factual and procedural background of this case as described in the opinion of the Ohio Court of Appeals. (Doc. 12 at 1-5.) In his Objections, Foster challenges the R&R's articulation of the factual and procedural background only with respect to the calculation of the applicable statute of limitations for this 28 U.S.C. § 2254 Petition. (Doc. 15.) Accordingly, in

the interest of efficiency, the Court adopts the R&R's articulation of the relevant factual and procedural background to the extent Foster does not object, and will only include a summary of the timeline of the underlying state conviction at issue.

This case arises from Fosters' 2004 conviction following a jury trial in the Court of Common Pleas of Cuyahoga County, Ohio. Foster was sentenced on December 28, 2004; the timeline of events relevant to the Objections now before the Court begins at that date.

- December 28, 2004 – The trial court issues its journal entry reflecting Foster's sentence;

- January 12, 2005 – Foster files a timely direct appeal in the state court of appeals;

- November 7, 2005 – the state court of appeals issues its decision affirming Foster's conviction;

- December 23, 2005 – 45 days from November 7, 2005 and, pursuant to Ohio law, the deadline for Foster to appeal the state court of appeals' decision to the Ohio Supreme Court;

- January 11, 2006 – Foster files a motion for delayed appeal to the Ohio Supreme Court;

- February 22, 2006 – the Ohio Supreme Court denies Foster's motion for delayed appeal;

- February 4, 2007 – Magistrate Judge McHargh's recommended deadline for Foster to file a petition for a writ of habeas corpus in order for it to be timely pursuant to 28 U.S.C. § 2244(d);

- May 3, 2007 – Foster files the instant Petition.

(*See* Docs. 7, 10, 12.)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the Court's review of Foster's Petition.[1]

---

[1] Foster filed his § 2254 Petition on May 3, 2007. The AEDPA applies to petitions filed *after* the Act's April 26, 1996 effective date. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999); *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003).

### A. THE AEDPA STATUTE OF LIMITATIONS

The AEDPA requires that *habeas* petitions be filed within one year of the latest of four triggering dates set forth at 28 U.S.C. § 2244(d)(1). In this case, the threshold issue is whether Foster timely filed his Petition pursuant to 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(1)(A) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .

28 U.S.C. § 2244(d)(1)(A).[2]

When a habeas petitioner does not file a petition for a writ of certiorari from the decision of the state court of last resort, "direct review" of the state court judgment concludes <u>after</u> the expiration of the 90-day period for filing for certiorari. *See Clay v. United States*, 537 U.S. 522, 528 n.3 (2003).

Furthermore, in order to calculate the deadline pursuant to § 2244(d)(1)(A), the Court must account for collateral review of Foster's conviction. *See* 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). As the United State Supreme Court stated in *Lawrence*, § 2244(d)(2) tolls the § 2244(d)(1)(A) limitations period "while a state prisoner seeks postconviction relief in state court." *Lawrence*, 549 U.S. at 331. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). This tolling period, however, does not include the 90-day period during

---

[2] Foster does not argue that his Petition is timely pursuant to any of the other sub-sections of 28 U.S.C. § 2244(d)(1).

which the petitioner could seek certiorari from the state court of last resort's denial of an application for postconviction relief; the tolling period is limited to the time between the filing of an application for postconviction relief and the date of the final state court decision resolving that application. *Lawrence*, 549 U.S. at 337.

### B. FOSTER'S OBJECTIONS

#### 1. Timeliness Objection – Calculating the Applicable Limitations Period

It is well-established in the Sixth Circuit that a motion for delayed appeal – such as the motion Foster filed on January 11, 2006 – is an application for postconviction review which tolls the running of the ADEPA limitations period while the state court reviews the motion for delayed appeal. *See*, *e.g.*, *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Henderson v. Luoma*, 302 Fed. Appx. 359 (6th Cir. Nov. 26, 2008) (unpublished). Foster does not dispute this principle, but argues that "the United States Supreme Court has not ruled on whether the statute of limitations for filing a habeas corpus petition tolls following the denial of a motion for delayed appeal in state court." (Doc. 15 at 3.) In other words, Foster argues that the limitations period should be tolled from January 11, 2006 (the date he filed the motion for delayed appeal) until 90 days after February 22, 2006 (the date the Ohio Supreme Court denied the motion for delayed appeal). Accordingly, Foster objects to Magistrate Judge McHargh's conclusion that the statute of limitations expired on February 4, 2007 (Doc. 12 at 9), and asserts that his Petition was timely as filed on May 3, 2007.

The following chart compares Foster's calculations to the R&R to assist in understanding Foster's objection:

| Event | Date | Days Used to Date (of 365) according to R&R | Days Used to Date (of 365) according to Foster |
|---|---|---|---|
| *Expiration of the period for direct appeal to the Ohio Supreme Court:* | 12/23/05 | 0 | 0 |
| *Filing of motion for delayed appeal:* | 1/11/06 | 19 | 19 |
| *Ohio Supreme Court denies motion for delayed appeal:* | 2/22/06 | 19 | 19 |
| *90 Days After Ohio Supreme Court denies motion for delayed appeal:* | 5/23/06 | 109 | 19 |
| *Filing Deadline as calculated in the R&R:* | 2/4/2007 | 366 | 276 |
| *Foster files this habeas Petition:* | 5/3/2007 | 454 | 364 |

As this chart illustrates, whether the statute is tolled during the 90-day period for seeking certiorari with respect to the motion for delayed appeal is dispositive as to the timeliness of Foster's Petition.

Foster is correct that the United States Supreme Court has never specifically ruled that the statute is not tolled during the 90-day period following the state court's denial of a motion for delayed appeal. In *Lawrence*, however, the Supreme Court held that tolling periods calculated pursuant to 28 U.S.C. § 2244(d)(2) in connection with an application for state postconviction relief do not include the 90-day period for seeking certiorari. *Lawrence*, 549 U.S. at 334 ("Read naturally, the text of the statute [i.e., § 2244(d)(2)] must mean that the statute of limitations is tolled only while state courts review the application [for postconviction relief]."). In so holding, the Supreme Court reasoned that, unlike 28 U.S.C. § 2244(d)(1)(A), § 2244(d)(2) does not mention "direct review" or

-5-

the "time for seeking" direct review. *Id*. at 333-34. Instead, the Supreme Court noted, "§ 2244(d)(2) refers exclusively to 'State post-conviction or other collateral review,' language not easily interpreted to include participation by a federal court." *Id*. at 333.

As Magistrate Judge McHargh stated, in the Sixth Circuit, it is well-established that a motion for delayed appeal is an application for collateral review or postconviction relief. *See*, *e.g.*, *Kimble v. Gansheimer*, Case No. 4:08cv1048, 2009 WL 4676959, at *15 (N.D. Ohio Dec. 4, 2009) (citing *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *DiCenzi*, 452 F.3d at 468). Accordingly, since *Lawrence*, district courts within the Sixth Circuit have consistently held that a habeas petitioner is not entitled to § 2244(d)(2) tolling for the 90-day period following the denial of a motion for delayed appeal, because such a motion is an application for collateral review. *See*, *e.g.*, *Hines v. Brunsman*, Case No. 3:08cv2916, at *14 (N.D. Ohio Feb. 26, 2010) (citing *Searcy*, 246 F.3d at 518-19 for the proposition that a motion for delayed appeal tolls the limitations period "during its pendency before the state courts"); *Kimble*, 2009 WL 4676959, at *16 ("[T]his court must be guided by *DiCenzi* and *Searcy* to find that Kimble's motion for delayed appeal to the Ohio Supreme Court only tolled the 1-year period while it was actually pending as a postconviction matter governed by § 2244(d)(2)."); *Wilcox v. Kerns*, Case No. 2:08cv318, 2009 WL 2899892, at *1 (S.D. Ohio Sept. 2, 2009) (citing *Lawrence* and holding that "the statute of limitations was not tolled the ninety days after the Ohio Supreme Court dismissed petitioner's motion for delayed appeal"); *Lee v. Warden*, Case No. 2:08cv415, 2009 WL 1911917, at *1 (S.D. Ohio June 30, 2009) (holding that "state court motions for delayed appeal are considered to be post conviction or collateral proceedings, and the statute of limitations therefore is not tolled during the time period that petitioner could have filed a petition for a *writ of certiorari* to the United States Supreme Court from the Ohio Supreme Court's denial

-6-

of such a motion."); *Sudberry v. Warden*, 626 F. Supp. 2d 767, 770-71 (S.D. Ohio 2009); *Plaza v. Hudson*, Case No. 07cv674, 2008 WL 5273899, at *5 n.6 (N.D. Ohio Dec. 17, 2008) (citing *Sanders v. Bobby*, 5:07cv682, 2008 WL 276415 (N.D. Ohio Jan. 31, 2008)).

Consistent with the other district courts within this Circuit, the Court finds that binding Sixth Circuit authority, *see, e.g.*, *Searcy v. Carter*, 246 F.3d at 518-19, forecloses any argument that a motion for delayed appeal is part of direct review.[3] Foster's motion for delayed appeal is, therefore,

---

[3] Although Foster has not cited it, the United States Supreme Court's decision in *Jimenez v. Quarterman*, – U.S. –, 129 S. Ct. 681 (2009), is noteworthy with respect to this issue as a corollary to *Lawrence*. *See Kimble*, 2009 WL 4676959 at *15-16 (discussing *Jimenez* in some detail). In *Jimenez*, 129 S. Ct. At 686-87, the Supreme Court held that a § 2254 habeas petition was not barred by 28 U.S.C. § 2244(d)(1)(A) where the state court granted the petitioner's motion for delayed appeal. Specifically, the Supreme Court stated:

> Our decision today is a narrow one. We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A).

*Id*. at 686. In other words, had the Ohio Supreme Court granted Foster's motion for delayed appeal, his direct appeal would not be complete pursuant to § 2244(d)(1)(A). As the Supreme Court observed, when a state court grants a motion for delayed appeal, it "restore[s] the pendency of the direct appeal" such that the "petitioner's conviction [is] again capable of modification through direct appeal to the state courts and to [the United States Supreme Court] on certiorari review." *Jimenez*, 129 S. Ct. at 686 (omitting internal quotations and citations). This is not what happened in Foster's case, however; the Ohio Supreme Court denied Foster's motion for delayed appeal. *Kimble*, and numerous other courts both within the Sixth Circuit and elsewhere, have found this distinction dispositive in holding that *Jimenez* does not alter the § 2244(d)(2) analysis discussed above. *See Kimble*, 2009 WL 4676959 at *16 ("Because the U.S. Supreme Court in *Jimenez* did not categorize delayed appeals as either part of the direct appeal process or as postconviction or collateral matters, *Searcy* and *DiCenzi* continue to set out the applicable category in cases decided by the district courts within the Sixth Circuit."); *see also Randle v. Crawford*, 578 F.3d 1177, 1185 (9th Cir. 2009) (holding that *Jimenez* does not apply because the state court denied the petitioner leave to file an untimely direct appeal); *Hines*, 2010 WL 750176 at *14 n.1 (same); *Goodwin v. Davis*, Case No. 08cv13820, at *9-*11 (E.D. Mich. May 28, 2009) (same); *Drew v. Superintendent*, 607 F. Supp. 2d 277, 282 n.3 (D. Mass. Apr. 10, 2009) (same). The distinction identified by the courts in these cases is valid and their reasoning is sound. The Court finds that *Jimenez* is not applicable to this case.

-7-

an application for collateral review and, in light of *Lawrence*, Foster is <u>not</u> entitled to § 2244(d)(2) tolling for the 90-day period following the denial of his motion for delayed appeal. *Lawrence*, 549 U.S. at 334.

Accordingly, as Magistrate Judge McHargh concluded in the R&R, Foster's Petition was untimely as filed on May 3, 2007 pursuant to 28 U.S.C. § 2244(d)(1)(A) and applicable authority interpreting the statute.

### 2. Timeliness Objection – Equitable Tolling

Foster, who is represented by counsel, does not argue that equitable tolling should save his untimely habeas petition. The State raised equitable tolling in its Return of Writ (Doc. 7), arguing that equitable tolling is not appropriate in this case. Foster did not address equitable tolling in his Traverse (Doc. 10), arguing instead that his Petition was timely because a motion for delayed appeal is part of direct review. Foster asserted the same argument in his objections to the R&R (Doc. 15); once again, he did not raise equitable tolling. In short, despite having at least three opportunities to do so (his Petition, Traverse, and Objections), Foster has never mentioned equitable tolling at any point in this litigation. Consequently, Foster has waived this argument.

Absent wavier, however, equitable tolling might save Foster's Petition.

"Equitable tolling is permissible under [AEDPA], although rare." *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004) (citing *Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir.2001) ("the circumstances under which this Court has found equitable tolling appropriate are in fact few in number")). It is a judicially-created exception to the AEDPA one-year statute of limitations which permits a court to excuse tardy habeas claims in appropriate circumstances. *See Plaza*, 2008 WL 5273899 at *5 (citing *Souter v. Jones*, 395 F.3d 577, 588, 598, 602 (6th Cir. 2005)). In the Sixth

Circuit, equitable tolling may be appropriate when the petitioner satisfies the five-factor test set forth in *Dunlap*, 250 F.3d at 1008. These factors are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *See Plaza*, 2008 WL 5273899 at *5-*6 (citing *Dunlap*, 250 F.3d at 1008).

The Sixth Circuit has used this test to find equitable tolling appropriate when an already-filed petition is rendered untimely by a change in the law that shortens the applicable filing deadline. *See Henderson v. Luoma*, 302 Fed. Appx. 359, 362 (6th Cir. Nov. 26, 2008) (unpublished) (citing *Griffin v. Rogers*, 399 F.3d 626, 639 (6th Cir. 2005), as an example of such a case). For instance, in *Henderson*, the petitioner, Henderson, filed his § 2254 habeas petition in July 2005. *Id*. at 360. At that time, before the Supreme Court's decision in *Lawrence*, Sixth Circuit law held that the AEDPA limitations period was tolled during the 90-day period for seeking certiorari from the state court's denial of an application for postconviction relief. *Id*. (citing *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc)). In other words, Henderson relied on *Abela* for the applicable statute of limitations, and, under *Abela*, he timely filed his petition. The Supreme Court's decision in *Lawrence* effectively overruled *Abela* on February 20, 2007, however. *Id*. at 361. Consequently, Henderson argued that equitable tolling should apply because circumstances beyond his control – i.e., the Supreme Court's decision in *Lawrence* – rendered his petition untimely. *Id*. The Sixth Circuit agreed, reasoning as follows:

> Obviously, Henderson lacked notice that the limitations period would not be tolled because *Lawrence* had not been decided at the time he filed his petition. Henderson was diligent in pursuing his rights by filing his petition well within the 90 day tolling period under *Abela*. The respondent has not advanced the claim of any prejudice it

>would suffer by applying equitable tolling in this case. Lastly, Henderson was reasonable in his actions because he complied with the law in this circuit at the time he filed his petition. Even though Henderson's petition is untimely under the tolling rule announced by *Lawrence*, his petition should be deemed timely under the doctrine of equitable tolling because he justifiably relied on the Sixth Circuit's binding precedent.

*Id*. at 362.

Whether the Court should address equitable tolling in this case is worthy of discussion because the procedural history clearly bears some resemblance to *Henderson*.[4] Specifically, as explained above, under *Lawrence*, the deadline for Foster's Petition was February 4, 2007 – approximately two weeks prior to the date the Supreme Court issued *Lawrence* on February 20, 2007. But, under *Abela*, which was the law of the Sixth Circuit until February 20, 2007, Foster had until May 2007 to file his Petition. Foster was in an awkward position on February 21, 2007 – although he had reasonably relied on *Abela* in waiting to file his Petition, it was now clearly late under *Lawrence*.

This case is distinguishable from *Henderson*, however. First, Henderson actually argued that the Court should invoke the doctrine of equitable tolling; Foster has not. Second, Henderson had already filed his petition when the relevant change in the law occurred; Foster had not. These two distinctions are related in the context of the *Dunlap* factors, which are to be applied on a case-

---

[4] A district court may raise the AEDPA statute of limitations *sua sponte* in its consideration of a habeas petition, so long as it gives the parties fair notice and an opportunity to address the timeliness of the petition. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006); *see also Sudberry*, 626 F. Supp. 2d at 771 (citing *Day*). When district courts raise the statute of limitations *sua sponte*, they frequently address equitable tolling as well. *See, e.g., Sudberry*, 626 F. Supp. 2d at 771. Here, the State has raised the statute of limitations, and argued that equitable tolling is inappropriate in its Return of Writ, but Foster has waived the equitable tolling argument by failing to raise it at any of his multiple opportunities to do so. Accordingly, only the State can be prejudiced by addressing equitable tolling in this opinion. However, for the reasons explained below, equitable tolling is not appropriate under the *Dunlap* factors, in large part because Foster's waiver indicates a lack of diligence in pursuing his rights.

by–case basis, *see Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The first, second, and fifth factors relate to the petitioner's lack of notice or lack of constructive knowledge of the filing requirement. *See Plaza*, 2008 WL 5273899 at *5-*6 (citing *Dunlap*, 250 F.3d at 1008). While Foster did not have notice of the filing requirement prior to February 20, 2007, he certainly had constructive notice of the requirement when *Lawrence* issued. Therefore, Foster had notice of the requirement prior to filing his Petition. He did not, however, raise equitable tolling in his Petition. This leads to the third *Dunlap* factor – diligence in pursing one's rights. *See Plaza*, 2008 WL 5273899 at *5-*6 (citing *Dunlap*, 250 F.3d at 1008). Foster waited over two months to file his Petition after *Lawrence* rendered its filing automatically untimely – this does not indicate a sense of urgency on Foster's part regarding timeliness after *Lawrence*. He had constructive knowledge of the change in the law on February 20, 2007 when *Lawrence* issued, but did nothing in response. Further, although the State addressed *Lawrence* in its Return of Writ (Doc. 7), and Foster discussed *Lawrence* in his Traverse (Doc. 10 at 2-3), Foster failed to do what a reasonably diligent litigant in his shoes would do – raise equitable tolling at the first opportunity. Indeed, he has yet to raise the equitable tolling doctrine. Accordingly, under the circumstances of this case, equitable tolling is not appropriate based on the Court's analysis of the *Dunlap* factors.

Accordingly, the Court **OVERRULES** Foster's objection to the R&R's recommendation that the Petition be dismissed as time-barred, and **ADOPTS** the R&R's analysis and conclusion with respect to this issue.

### 3. Procedural Default Objection

Foster's second objection to the R&R is that, in a brief footnote, Magistrate Judge McHargh concludes that Foster's claim was procedurally defaulted. (Doc. 15 at 4.) Foster requests that the

-11-

Court consider the merits of the procedural default argument, as set forth in his Traverse. (*Id.*)

As Magistrate Judge McHargh explained in footnote 1 of the R&R, the Court need not analyze procedural fault because Foster's claims are untimely. Accordingly, the Court **OVERRULES** Foster's second objection, and **ADOPTS** the R&R's conclusion that it is unnecessary to analyze procedural default in this case.

### III. THE COURT WILL NOT ISSUE A CERTIFICATE OF APPEALABILITY

In light of the discussion and analysis above, the Court finds that Foster did not make "a substantial showing of the denial of a constitutional right" with respect to any of his claims in his petition. 28 U.S.C. § 2253(c)(2). Accordingly, the Court will not issue a certificate of appealability.

Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

### IV. CONCLUSION

For the foregoing reasons, Magistrate Judge McHargh's R&R (Doc. 12) is **ADOPTED** and Foster's Petition is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                                     s/Kathleen M. O'Malley
                                                     **KATHLEEN McDONALD O'MALLEY**
                                                     **UNITED STATES DISTRICT JUDGE**

Dated: April 15, 2010